Galen T. Shimoda (Cal. State Bar No. 226752)
Kathryn Hardy (Cal. State Bar No. 248773)
**Shimoda Law Corp.**
9401 East Stockton Blvd.
Suite 200
Elk Grove, CA 95624
Telephone: (916) 525-0716
Facsimile: (916) 760-3733
attorney@shimodalaw.com
khardy@shimodalaw.com

Attorneys for Plaintiff ANJUM HERRERA

# UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJUM HERRERA,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>THE PEPSI BOTTLING GROUP, INC., a Delaware Corporation; DIANNA CONAWAY, an individual; and DOES 1 to 100, inclusive,<br><br>　　　　　Defendants. | Case No. 2:10-cv-02124-GEB-GGH<br><br>Assigned to: The Hon. Gregory G. Hollows<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF PLAINTIFF ANJUM HERRERA'S OPPOSITION TO DEFENDANTS BOTTLING GROUP, LLC, AND DIANNA CONAWAY'S MOTION TO DISMISS PLAINTIFF'S SIXTH CAUSE OF ACTION FOR FAILURE TO STATE A CLAIM**<br><br>Date:　October 14, 2010<br>Time:　10:00 a.m.<br>Dept:　Courtroom 9, 13th Floor |

## INTRODUCTION

Plaintiff ANJUM HERRERA's ("Plaintiff") opposes this Motion because Defendants BOTTLING GROUP, LLC, ("BG") and DIANNA CONAWAY ("Conaway") are attempting to circumvent the more difficult burden of proof required for Removal on the basis of Fraudulent Joinder, by bringing the instant Motion to dismiss, which would effectively accomplish the same result, under a less stringent burden of proof. However, Defendants' efforts are procedurally inapt as this Court cannot determine the merits of Defendants' 12(b)(6) Motion unless and until Removal is complete, thereby creating **proper** subject matter jurisdiction.

If jurisdiction were to be established and Removal deemed proper, then Plaintiff also opposes this Motion on its merits because the relevant statutes, regulations, and surrounding case law sufficiently support a cause of action for harassment based on the California Family Rights Act ("CFRA") and this issue of state law should be decided in state court.  In the event that this Court finds that there is no basis for a harassment cause of action, Plaintiff requests an opportunity to amend her Complaint to include a cause of action for interference and retaliation as to Defendant Conaway.

## FACTUAL STATEMENT

On April 16, 2010, Plaintiff filed her Complaint, Case No. 34-2010-0007589, in the Superior Court for the County of Sacramento. The Complaint contained allegations of harassment based on the CFRA, California Government Code section 12945.2, and asserted a cause of action against Conaway, individually, and PBG, among others.  The facts of Plaintiff's Complaint included allegations that Defendant Conaway did the following:

- Told Plaintiff on at least three occasions that she could no longer take leave otherwise permitted by the Family Medical Leave Act ("FMLA"), which was after Plaintiff had been approved to do so.  (Compl. ¶¶ 29-30, 36-37.)
- Belittled Plaintiff in front of other co-workers. (*id.* at ¶ 33.)
- Badgered Plaintiff about her accounts and work despite having no record of discipline about her accounts or work.  (*id.* at ¶¶ 33, 39, 42.)
- Ignored Plaintiff's request for an explanation as to why she was being denied FMLA leave. (*id.* at ¶¶ 29, 32, 36, 38.)
- Failed to return Plaintiff's calls about specific customer accounts and prevented Plaintiff to perform her essential job duties.  (*id.* at ¶¶ 41.)

This harassment caused Plaintiff to leave her position with Defendants.

Prior to filing the instant Motion, Defendants filed a Motion for Removal, based on the allegation that Plaintiff had fraudulently joined Defendant Conaway, a California resident, and thus she is a "sham defendant."  Plaintiff filed a Motion to Remand, which will be heard on the

same day as this motion, based on the fact that the Defendants cannot meet the stringent burden of proof required to prove fraudulent joinder.

## LEGAL ARGUMENT

### A. Subject Matter Jurisdiction to Decide the Merits of Defendants' Motion to Dismiss, pursuant to F.R.C.P. Rule 12(b)(6), Has Not Yet Been Established.

The Court cannot determine the merits of Defendants' 12(b)(6) Motion unless and until Removal is complete and established, thereby creating proper subject matter jurisdiction in the Federal Court. *Bell v. hood*, 327 US 678, 682 (1946) ("Whether the complaint states a cause of action on which relief could be granted is a question of law and just as issues of fact it must be decided after and not before the court has assumed jurisdiction over the controversy.") Furthermore, if the instant court does proceed on this Motion <u>before</u> the issues establishing subject matter jurisdiction are resolved in Plaintiff's Motion to Remand, any decision made will be nullified, <u>even if</u> jurisdiction is ultimately established. *Cf. Orff v. U.S.*, 358 F.3d 1137, 1149-1150 (9th Cir. 2004) ("If jurisdiction is lacking at the outset, the district court has 'no power to do anything with the case except dismiss.' ... If jurisdiction was lacking, then the court's various orders ... were nullities.") (citations omitted).

Here, the Defendants' instant Motion to dismiss should not be heard, if at all, until <u>after</u> Plaintiff's Motion to Remand has been finally determined. Not only did Defendants file their Motion for Removal before the instant Motion, but Defendants' have prematurely requested this Court to decide the merits of an issue it does not yet have jurisdiction to decide. Therefore, the issues underlying subject matter jurisdiction should be resolved first (*e.g.*, whether there is diversity jurisdiction).

### B. Standard of Review under F.R.C.P. Rule 12(b)(6)

Dismissal pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure is proper where there is either a "lack of a cognizable legal theory" or "the absence of sufficient facts alleged under a cognizable legal theory." *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1988). In reviewing a Rule 12(b)(6) motion, the court is required to accept as true all material allegations in the complaint as well as any reasonable inferences that can be drawn

---

**PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS**
**Case No. 2:10-cv-02124-GEB-GGH**

from the allegations. *Pareto v. F.D.I.C.*, 139 F.3d 696, 699 (9th Cir. 1998). However, the court need not accept as true conclusory allegations, legal characterizations, unreasonable inferences or unwarranted deductions of fact. *Transphase Sys., Inc. v. Southern Cal. Edison Co.*, 839 F. Supp. 711, 718 (C.D. Cal. 1993).

**C.   Defendants Are Improperly Attempting to Circumvent the Stringent Standard Required to Establish Removal Based on A Fraudulent Joinder Theory by Bringing This Motion.**

   **1.   The More Stringent Burden of Persuasion is Required to Successfully Remove Plaintiff's Action.**

In order for the Defendants to meet its "heavy burden of persuasion" to establish fraudulent joinder, they must show that Defendant Conaway's alleged fraudulent joinder was ***obvious* and proven by clear and convincing evidence.** *Plute v. Roadway Package Sys., Inc.*, 141 F. Supp. 2d 1005, 1008 (N.D. Cal. 2001) (citations omitted) (emphasis added); *McCabe v. Gen. Foods Corp.*, 811 F.2d 1336, 1339 (9th Cir. 1987); *Hamilton Materials, Inc. v. Dow Chem Corp.*, 494 F.3d 1203, 1206 (9th Cir. 2007); *see also Davis v. Prentiss Props., Ltd., Inc.*, 66 F. Supp. 2d 1112, 1115 (C.D. Cal. 1999) ("To constitute fraudulent joinder, the non-diverse claim must not only be unsuccessful, it must be untenable ab initio.").

For Plaintiff to defeat fraudulent joinder, she need only show that there is a plausible basis for a claim, not prove that a claim exists. *See, e.g., Davis*, 66 F. Supp. 2d at 1115 ("To constitute fraudulent joinder, the non-diverse claim must not only be unsuccessful, it must be untenable ab initio."). This standard is even more difficult for the Defendants to overcome because, in deciding whether a defendant is fraudulently joined, the court resolves all disputed facts and legal ambiguities against the removing party. *See Washington v. Joe's Crab* Shack, 2010 WL 476638 at *2 (N.D. Cal. 2010).

However, the instant standard the Defendants must show in a 12(b)(6) motion – **a "lack of a cognizable legal theory" –** is much less stringent than the standard they are required to meet for removal, because there is no case law regarding the specific issue of whether an individual can be held liable under the CFRA for harassment. However, Plaintiff has set forth several arguments based on legislative intent, state public policy and analogous law, which

show that a plausible cause of action for individual liability under the CFRA for harassment, does exist. *See infra.*

### 2. Defendants Are Attempting to Circumvent the Public Policy Against Removal By Trying to Achieve The Same Result Through The Instant Motion That Defendants May Not be Able to Achieve Through Removal.

The more stringent standard for a fraudulent joinder theory embodies a clear public policy against removal. *Compare, e.g., Transphase Sys., Inc.*, 839 F. Supp. at 718 *with Davis*, 66 F. Supp. 2d at 1115; *Joe's Crab* Shack, 2010 WL 476638 at *2. *See also Knutson v. Allis-Chalmers Corp.*, 358 F. Supp. 2d 983, 990 ("[B]ecause removal itself is done in 'derogation of state sovereignty,' . . . courts are required to 'scrupulously confine their own jurisdiction to the precise limits which the statute has defined.'") (citations omitted). Whereas, causes of action that are already established in the Federal Court would not need the same stringent burden in order to determine if specific, individual causes of action should be allowed to proceed. This determination generally does have the same ramifications as removal would have on a Plaintiff's entire cause of action.

Here, Defendants are attempting to remove Plaintiff's sixth cause of action, which is the only cause of action that names Defendant Conaway, as an individual. If Defendants can successfully dismiss this cause of action, and thus create diversity jurisdiction by eliminating Defendant Conaway, it will be able to withstand Plaintiff's efforts to remand without proving the difficult standard of fraudulent joinder.

Thus, granting Defendants' Motion to Dismiss would allow Defendants to flank public policy against removal, by evading the stringent standard that the policy against removal embodies. Moreover, it would allow Defendants to remove Plaintiff's action to federal court, essentially through the back door, as Rule 12(b)(6) was clearly not intended to have the same effect as removal, or it would have the standard as required for removal. This is especially inappropriate in this case, where, on remand, the State in which CFRA operates, would be able to determine its own state's legislative intent and apply its own State's public policy to CFRA's regulations and applications.

PLAINTIFF'S OPPOSITION TO MOTION TO DISMISS
Case No. 2:10-cv-02124-GEB-GGH

**D.     The Administrative Regulations Interpreting the CFRA Expressly Provide for Individual Liability.**

California Administrative Code Title 2, section 7297.7 states, in relevant part:

> [I]t shall be an unlawful employment practice for *any person* to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual, except as otherwise permitted in this subchapter, because that individual has:
>
> (a) exercised his or her right to CFRA leave, and/or
> (b) given information or testimony regarding his or her CFRA leave, or another person's CFRA leave, in any inquiry or proceeding related to any right guaranteed under this subchapter.

(emphasis added).

The Fair Employment and Housing Commission ("FEHC") did not adopt California Administrative Code Title 2, section 7297.7 (hereinafter referred to "section 7297.7") until February, 1993, which was after Congress passed the FMLA and after the California Legislature moved to conform the CFRA to the FMLA, which imposes individual liability for retaliation and interference. *See Tomlinson v. Qualcomm, Inc.*, 97 Cal. App. 4th 934, 941 n.7 ("1993 amendments to CFRA made to conform certain provisions of CFRA to provisions of FMLA."); *see also, e.g.*, *Mitchell v. Chapman*, 343 F.3d 811, 827 (6th Cir. 2003) (stating that FMLA is modeled after the Fair Labor Standards Act, which imposes individual liability) *Faust v. California Portland Cement Co.*, 150 Cal. App. 4th 864, 879 (2d Dist. 2007) (an interference claim exists under FMLA and, by extension, CFRA); *Bryant v. Delbar Products, Inc.,* 18 F. Supp. 2d 799 (M.D. Tenn. 1998); *Darby v. Bratch*, 287 F.3d 673, 681 (8th Cir. 2002) (FMLA liability "plainly includes persons other than the employer itself."); *Morrow v. Putnam*, 142 F. Supp. 2d 1271, 1272-1273 (D. Nev. 2001) (supervisor may be considered an employer under FMLA).

The FMLA defines an employer as "*any person* engaged in commerce or in any industry or activity affecting commerce who employs 50 or more employees for each working day . . . includ[ing] *any person* who acts, directly or indirectly, in the interest of an employer to any of the employees of such an employer." 29 U.S.C. § 2611(4)(A)(i)-(ii) (emphasis added).  Similar

statutory language is used in prohibiting interference with FMLA rights. *See* 29 U.S.C § 2615(b) (In the section labeled "Interference with proceedings or inquiries" it states that "it shall be unlawful for ***any person*** to discharge or in any other manner discriminate against any individual because" the individual asserted their FMLA rights.) (emphasis added). Thus, because of the similar statutory definitions, any argument for individual liability for retaliation is equally applicable to an interference claim.

"An administrative regulation is presumptively valid, and if there is a reasonable basis for it, a reviewing court will not substitute its judgment for that of the administrative body; the role of the reviewing court is limited to the legality rather than the wisdom of the challenged regulation." *Tomlinson*, 97 Cal. App. 4th at 940-941. Given the underlying reasons for adopting section 7297.7 (*i.e.* tailoring the CFRA to track the FMLA more closely), a reasonable basis exists that the administrative regulation is valid, applicable to the present situation, and the administrative agency has not acted contrary to the legislature's intent by including language that imposes individual liability.

Given that section 7297.7, in implementing the CFRA, parallels the FMLA, and that the FMLA imposes individual liability for both retaliation and interference claims, CFRA should also be interpreted as imposing individual liability for harassment, retaliation, and interference type claims.

**E.      Conduct Constituting the Basis for a Retaliation Claim or an Interference Claim Is Similar to, and Overlaps With, Conduct That Would Constitute Harassment.**

Actions that can be characterized as retaliatory or interfering are not necessarily distinguishable from actions that would support a claim of harassment. *See, e.g.*, *Baker v. Children's Hospital Medical Center*, 209 Cal. App. 3d 1057, 1065 (1st Dist. 1989) (describing plaintiff's allegations of harassment as similar to retaliatory discrimination claims); *Bosse v. Baltimore County*, 692 F. Supp. 2d 574, 585 (D. Md. 2010) (describing actions that may constitute interference as those which *discourage* an employee from taking leave). Section 7297.7 provides a non-exhaustive list of what a person is prohibited from doing. *See* 2 Cal.

Code Reg. § 7297.7 ("unlawful . . . for any person to discharge, fine, suspend, expel, punish, refuse to hire, or *otherwise* discriminate against any individual") (emphasis added).

As such, the administrative regulation, which provides for individual liability, prohibits a wide range of actions that would discourage an employee from taking their protected leave. This includes actions that may not only constitute a basis for retaliation or interference claims, but also claims of harassment. It makes no sense to allow a cause of action against an employer for harassing actions that interfere with an employee's CFRA rights, yet allow an employee's co-workers to intimidate, discourage, and otherwise harass her to the point where that employee's CFRA rights are effectively negated. This type of disparity has been addressed under cases interpreting the FMLA by imposing individual liability for interference. *See, e.g., Bryant,* 18 F. Supp. 2d at 807-809. Thus, a harassment cause of action has a basis in the language of the regulation.

In the event that this Court reads Plaintiff's harassment claim to be consistent with an interference or retaliation claim, Plaintiff should have the opportunity—in State court—to amend her Complaint to correctly label her claim for individual liability. Based on the facts of the Complaint, Plaintiff has clearly stated a cause of action against her employer and her supervisor for violating the CFRA, either under a harassment or interference theory. Defendants cannot say, as a matter of law, that she has no such claims based on the facts alleged in the Complaint.

**F.     California Law Does Not Foreclose the Possibility of Individual Liability for Harassment Based on CFRA**

Although cases have typically construed an action under CFRA as one for retaliation or interference, this is a far cry from establishing that there is no cognizable claim for harassment under the CFRA. There is no California *precedent* that limits Plaintiff's ability to sue for harassment based on the CFRA. While Defendants cite to several cases relating to CFRA specifically to support its position, they do not appear to be published decisions. Thus, the cases Defendants cite are not precedential authority on which a court may rely. *See* Cal. Rules of Court Rule 8.1115; *Santa Ana Hospital Medical Center v. Belshe*, 56 Cal. App. 4th 819, 831 (3d

Dist. 1997) (Stating that even if a case involves a related issue, "a written trial court ruling has no precedential value."). To the extent that the court views unpublished decisions as *persuasive* authority, at least one California federal district court has found: "[T]here is evidence that in amending section 12945.2, the legislature intended liability under that section to parallel liability under the federal Family Medical Leave Act, which does impose liability for retaliation on individual supervisors." *See* Exhibit A.

Defendants cite two principal, publshed cases for the proposition that there is no individual liability under the CFRA; namely, *Reno v. Baird*, 18 Cal. 4th 640 (1998) and *Jones v. The Lodge at Torrey Pines*, 42 Cal. 4th 1158 (2008). However, these cases are readily distinguishable. In *Reno v. Baird*, the court focused on federal case law as a guide to interpreting language contained in the Fair Employment and Housing Act ("FEHA"). *See*, *Reno*, 18 Cal. 4th at 647-651. Those cases, relied upon by the California Supreme Court, in *Reno,* were interpreting Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e *et. seq.*, rather than the FMLA. *Id.* The point of this distinction is that the analytical foundation of *Reno* is inapplicable to this case.

Although cases interpreting Title VII may have held that there is no individual liability, cases interpreting FMLA have found individual liability. *See, e.g.*, *Mercer v. Borden*, 11 F. Supp. 2d 1190 (C.D. Cal. 1998); *Mitchell*, 343 F.3d at 827 (stating that FMLA modeled after the Fair Labor Standards Act ("FLSA"), which imposes individual liability); *Morrow v. Putnam*, 142 F. Supp. 2d 1271, 1276 (D. Nev. 2001); *Bryant,* 18 F. Supp. 2d 799; *Darby*, 287 F.3d at 681 (FMLA liability "plainly includes persons other than the employer itself."). As CFRA was amended to conform to the FMLA, CFRA also imposes individual liability. *See Tomlinson* 97 Cal. App. 4th at 941 n.7 ("1993 amendments to CFRA made to conform certain provisions of CFRA to provisions of FMLA.").

In *Jones*, the Court proceeds along the same lines, quoting extensively from the *Reno* decision. *See generally Jones*, 42 Cal. 4th 1158. In addition to containing the same inapplicable analysis as found in *Reno*, the Court's holding was not so broad as to reach the situation presently before this Court. *Jones* did not address retaliation under the CFRA. In fact, the

actual holding of the case was as follows: "[W]e conclude that the employer is liable for retaliation under [California Government Code] *section 12940, subdivision (h)*, but nonemployer individuals are not personally liable for their role in that retaliation." *Id.* at 1173 (emphasis added).  The *Jones* decision does not directly cover the CFRA in general or the retaliation provision under the CFRA, specifically.  Indeed, the term "CFRA" or "California Family Rights Act" is not even mentioned in the opinion.  *See generally Jones*, 42 Cal. 4th 1158.

As Plaintiff is proceeding under the CFRA, *Jones* is not dispositive of the individual liability issue in the present case.  This position is bolstered by the fact that the surrounding case law applicable to the CFRA actually imposes individual liability. *See Tomlinson*, 97 Cal. App. 4th at 941 n.7 ("1993 amendments to CFRA made to conform certain provisions of CFRA to provisions of FMLA.") *Mercer*, 11 F. Supp. 2d 1190; *Mitchell*, 343 F.3d at 827 (stating that FMLA is modeled after the Fair Labor Standards Act, which imposes individual liability).

## CONCLUSION

For the foregoing reasons, Plaintiff now respectfully requests the Court deny Defendants' Motion to Dismiss.  Should the Court grant the Motion to Dismiss, Plaintiff requests that the Court give her permission to amend her Complaint.

**Shimoda Law Corp.**

Dated: September 28, 2010         /s/ Galen Shimoda
                                   Galen Shimoda
                                   Attorney for Plaintiff