IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ANJUM HERRERA,

    Plaintiff,                                       No. CIV S-10-2124 GGH

    vs.

THE PEPSI BOTTLING GROUP, INC., et al.,      <u>ORDER</u>

    Defendants.

_____/

        Previously pending on this court's law and motion calendar for October 14, 2010, were plaintiff's motion to remand and for costs and fees, filed September 7, 2010, and defendants' motion to dismiss, filed September 16, 2010.[1] Kathryn Hardy appeared on behalf of plaintiff. M. Michael Cole represented defendants. Having heard oral argument and reviewed the filings, the court now issues the following order.

I. <u>BACKGROUND</u>

        Plaintiff filed this suit against The Pepsi Bottling Group, Inc. ("PBG") and Dianna Conaway on April 16, 2010 in state court. Defendants removed the action to the Northern District of California on June 3, 2010. That court then transferred the action to this court on July

---

[1] The case is before the undersigned pursuant to 28 U.S.C. § 636(c) (consent to proceed before a magistrate judge).

1  23, 2010.  The complaint alleges that defendants, as plaintiff's employers, misclassified her job
2  as an exempt, salaried employee and required her to work overtime without overtime pay in her
3  positions as food service jobs representative from 2006 to 2008, and as key account manager
4  from 2008 to the present.[2]  (Compl. at ¶ 13.)  As a result of being misclassified as "exempt"
5  plaintiff did not receive full ten minute rest breaks or full 30 minute meal breaks.  (Id. at ¶ 22.)
6  Beginning in late September, 2009, plaintiff's supervisor, defendant Conaway, informed plaintiff
7  that she could no longer take leave under the FMLA ("Family and Medical Leave Act") because
8  of her daughter's medical needs.  (Id. at ¶ 29.)  Plaintiff alleges that defendant Conaway then
9  began belittling plaintiff in front of other employees, and hired someone to transition plaintiff out
10 of her job.  (Id. at ¶¶ 33, 40.)  Defendant Conaway also allegedly failed to return plaintiff's phone
11 calls, and put plaintiff on a performance improvement plan.  (Id. at ¶¶ 41, 42.)  Other Pepsi
12 employees also failed to return plaintiff's calls, and plaintiff learned that Pepsi was trying to get
13 rid of her.  (Id. at ¶ 48, 49.)  As a result of the harassment and stress, plaintiff claims she was
14 forced to resign.  (Id. at ¶ 50.)  The subject matter jurisdiction of the court is based upon diversity
15 of citizenship, 28 U.S.C. § 1332.

16       Plaintiff's claims are for failure to pay overtime compensation (Cal. Lab. Code §§
17 510, 1194 and IWC Wage Orders), failure to pay wages in violation of California Unfair
18 Competition Law (Cal. Bus. & Prof. Code § 17200 et seq.), failure to pay final wages (Cal. Lab.
19 Code §§ 201, 202), discrimination in violation of the California Family Rights Act ("CFRA")
20 (Cal. Gov. Code § 12945.2(b)(2)), retaliation in violation of the CFRA, harassment in violation
21 of the CFRA, and wrongful constructive discharge in violation of public policy.  Plaintiff seeks
22 money damages.

23 \\\\\
24 \\\\\
25

26       [2] Plaintiff began working for defendants in 1994.

II. DISCUSSION

    A. Plaintiff' Motion to Remand

Plaintiff filed this motion to remand, contending that the case was improperly removed to federal court on the basis of diversity jurisdiction. Plaintiff alleges that because defendant Conaway is a California resident, diversity does not exist.[3]

Plaintiff's other argument in favor of remand is that Bottling Group ("BG") has not been properly joined as a defendant and may not raise these arguments because plaintiff served only defendant PBG.

Defendants' argument is that Conaway was fraudulently joined in order to avoid diversity jurisdiction, because she is only named in the sixth cause of action for harassment under the CFRA, a statute enacted under the general enforcement provisions of the Fair Employment and Housing Act which does not provide a cause of action for harassment. Moreover, they contend that there is no individual liability under these statutes. Defendants also assert that BG is the real party in interest and that plaintiff improperly named PBG which is no longer an active corporation.

A federal court must order remand if there is any defect which causes federal jurisdiction to fail, or if there is any defect in the removal procedure. 28 U.S.C. § 1447(c). Removal jurisdiction statutes are strictly construed against removal. See Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979). "Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance." Gaus v. Miles, 980 F.2d 564, 566 (9th Cir. 1992). "The burden of establishing federal jurisdiction falls on the party invoking removal." Harris v. Provident Life and Accident Ins. Co., 26 F.3d 930 (9th Cir.1994) (quoting Gould v. Mut. Life Ins. Co. of New York, 790 F.2d 769, 771 (9th Cir.1986)). Removal of a state court

---

[3] Defendant Bottling Group is incorporated in Delaware and its principal place of business is located in New York. www.ftc.gov. See Hertz Corp. v. Friend, ___ U.S. ___, 130 S.Ct. 1181 (2010).

3

action is proper only if it originally could have been filed in federal court.

      1.  Proper Defendant

Plaintiff claims that at the time she filed her complaint defendant PBG was a registered California Corporation. (Pl.'s Mot., Ex. B.) According to plaintiff, defendants have not attempted to correct plaintiff regarding the entity sued, and BG does not have standing to remove this action.

Defendants explain that BG is a subsidiary of Pepsi-Cola Metropolitan Bottling Company which is the successor in interest to Pepsi Bottling Group, Inc. which no longer exists. Defendants have filed a Disclosure Statement and Certification as to Interested Parties, indicating that BG is the real party in interest and has standing to remove this action. (Dkt. #s 11, 12.)

The court finds that BG is the property party herein.[4]

      2.  Harassment Claim

As to defendants' claim that Conaway was fraudulently joined, plaintiff argues that the state law on the issue of a CFRA harassment claim is not settled or obvious and therefore federal courts may not determine uncertain issues of state law to ascertain whether there has been a fraudulent joinder.

Plaintiff is correct in pointing out that the failure to state a claim for fraudulent joinder must be obvious according to the settled rules of the state, and proven by clear and convincing evidence. Hamilton Materials, Inc. v. Dow Chemical Corp., 494 F.3d 1203, 1206 (9th Cir. 2007). "Joinder is fraudulent '[i]f the plaintiff fails to state a cause of action against a resident defendant, and the failure is obvious according to the settled rules of the state.' " Hunter v. Philip Morris USA, 582 F.3d 1039, 1043, 1045 (9th Cir. 2009) (citations omitted). A presumption exists against fraudulent joinder and such a claim is generally denied where there is any possibility that a plaintiff might prevail on the claim. Plute v. Roadway Package System,

---

[4] Otherwise, the entire case would be subject to dismissal, not remand, if PBG is a non-entity, a fact to which plaintiff offers no factual opposition.

Inc., 141 F. Supp.2d 1005, 1008 (N.D. Cal. 2001).

Plaintiff contends that the administrative regulations interpreting the CFRA expressly provide for individual liability, citing California Administrative Code Title 2, section 7297.7. That section prohibits retaliation by any person against any person because he or she exercised his or her right to CFRA leave.[5] Under the FMLA, it is unlawful for any person to discriminate against another person for asserting his or her FMLA rights. 29 U.S.C. § 2615(b). The history of these laws indicates that the state legislature moved to conform the substance of CFRA to the FMLA. Plaintiff argues that since the CFRA parallels the FMLA, it is not obvious that the CFRA does not also contemplate individual liability, and therefore the state law is unsettled on this issue.

The cases cited by plaintiff in support of her argument do not address individual liability as it pertains specifically to the CFRA but speak only to the similarities between the CFRA and the FMLA and individual liability under the FMLA. See Tomlinson v. Qualcomm, Inc., 97 Cal. App.4th 934, 941 n. 7, Faust v. California Portland Cement Co., 150 Cal. App.4th 864, 879 (2007).

The first method in interpreting a statute requires examination of the statute itself. "In interpreting a [statutory] provision, we look first to the plain language of the statute, construing the provisions of the entire law, including its object and policy, to ascertain the intent of [the legislature]. If the provision is ambiguous, we consult the legislative history. [Only] [w]here [legislative] intent remains unclear, courts should defer to a reasonable agency interpretation of a statutory scheme the agency is entrusted to administer." Yang v. California

---

[5] 2 C.C.R. § 7297.7 states in part:

> [I]t shall be an unlawful employment practice for any person to discharge, fine, suspend, expel, punish, refuse to hire, or otherwise discriminate against any individual, except as otherwise permitted in this subchapter, because that individual has:
> (a) exercised his or her right to CFRA leave....

Dept. of Social Services, 183 F.3d 953, 958 (9th Cir. 1999) (citations and internal quotations omitted). However, "[t]he judiciary is the final authority on issues of statutory construction." Chevron, supra, 467 U.S. at 843, fn. 9.

In this case, there is no need to look to the administrative regulation or cases interpreting the CFRA as the statute itself is clear. Employer is defined as "[a]ny person who directly employs 50 or more persons to perform services for a wage or salary." Cal. Govt. Code § 12945.2(c)(2)(A). Only "employers" are liable under the CFRA. Id., § 12945.2(a); Corrales v. United Rentals, Inc., 2010 WL 2380875, *2 (C.D. Cal. 2010). Clearly defendant Conaway did not personally employ anyone at Pepsi, but was merely a supervisor. See Corrales, 2010 WL 2380875, *3 n. 2 (finding despite plaintiff's claim that CFRA closely resembles FMLA, "plain meaning of the statute undercuts any such interpretation"). In Corrales, the court interpreted the statute itself to conclude that defendant was a supervisor, not an employer, and could not be held individually liable. (Id. at *3.) See also McLaughlin v. Solano County, 2008 WL 2977959, at *3 (E.D. Cal. 2008) (finding individual supervisors may not be sued under the CFRA), *citing* Miskuski v. Crescent Heights of America, Inc., 2007 U.S. Dist. LEXIS 37223, at *14 (S.D. Cal. 2007). As the statutory language is clear, the analysis ends there. Because the imposition of individual liability would have a significant effect on defendants, the statute must be absolutely clear if it intends to do so.

Plaintiff's motion for remand is denied.

3. Attorneys' Fees and Costs

Plaintiff's requests for $7,500 in attorneys' fees and costs incurred as a result of the removal is denied as removal was proper.

B. Defendants' Motion to Dismiss

Legal Standard for Motions to Dismiss

In order to survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action;"

it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 127 S.Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure § 1216, pp. 235-236 (3d ed. 2004). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (quoting Twombly, 550 U.S. at 570, 127 S.Ct. 1955). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id.

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740, 96 S. Ct. 1848, 1850 (1976), construe the pleading in the light most favorable to the party opposing the motion and resolve all doubts in the pleader's favor. Jenkins v. McKeithen, 395 U.S. 411, 421, 89 S. Ct. 1843, 1849, reh'g denied, 396 U.S. 869, 90 S. Ct. 35 (1969). The court will "'presume that general allegations embrace those specific facts that are necessary to support the claim.'" National Organization for Women, Inc. v. Scheidler, 510 U.S. 249, 256, 114 S.Ct. 798, 803 (1994), quoting Lujan v. Defenders of Wildlife, 504 U.S. 555, 561, 112 S. Ct. 2130, 2137 (1992). Moreover, pro se pleadings are held to a less stringent standard than those drafted by lawyers. Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972).

The court may consider facts established by exhibits attached to the complaint. Durning v. First Boston Corp., 815 F.2d 1265, 1267 (9th Cir. 1987). The court may also consider facts which may be judicially noticed, Mullis v. United States Bankruptcy Ct., 828 F.2d 1385, 1388 (9th Cir. 1987); and matters of public record, including pleadings, orders, and other papers filed with the court, Mack v. South Bay Beer Distributors, 798 F.2d 1279, 1282 (9th Cir. 1986). The court need not accept legal conclusions "cast in the form of factual allegations." Western Mining Council v. Watt, 643 F.2d 618, 624 (9th Cir. 1981).

Analysis

Defendants argue for dismissal of Defendant Conaway from the sixth cause of action, arguing that it fails to state a claim. This claim is the only one which includes allegations against defendant Conaway, for violation of the CFRA. It alleges that BG and Conaway harassed plaintiff for taking CFRA leave and caused her to quit her position. Based on the previous analysis in regard to plaintiff's motion to remand, that there is no individual liability under the CFRA, defendants' motion is granted in regard to defendant Conaway.

III.  CONCLUSION

For the above stated reasons, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to remand, filed September 7, 2010, (dkt. # 38), is denied.

2. Defendants' motion to dismiss or in the alternative for judgment on the pleadings, filed September 16, 2010, (dkt. # 40), is granted. Defendant Conaway is dismissed from this action.

3. Defendant BG shall file and serve its answer within twenty-eight (28) days of this order.

DATED: 10/29/10

/s/ Gregory G. Hollows

GREGORY G. HOLLOWS
U. S. MAGISTRATE JUDGE

GGH/076/Herrera2124.mtns.wpd