SHEPPARD, MULLIN, RICHTER & HAMPTON LLP
  A Limited Liability Partnership
  Including Professional Corporations
JENNIFER G. REDMOND, Cal. Bar No. 144790
M. MICHAEL COLE, Cal. Bar No. 235538
Four Embarcadero Center, 17th Floor
San Francisco, California  94111
Telephone:    415-434-9100
Facsimile:    415-434-3947
E-Mail:        jredmond@sheppardmullin.com
                   mmcole@sheppardmullin.com

Attorneys for Defendant
BOTTLING GROUP, LLC

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ANJUM HERRERA,<br><br>                Plaintiff,<br><br>       v.<br><br>THE PEPSI BOTTLING GROUP, INC., a Delaware corporation; and DOES 1 to 100, inclusive,<br><br>                Defendant. | Case No. CV 10-02124-GGH<br><br>Assigned to Judge Gregory G. Hollows<br><br>PROTECTIVE ORDER<br><br>[F.R.C.P. 26(c)]<br><br>Action Filed:   June 3. 2010 |

## I.   PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation would be warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords extends only to the limited information or items that are entitled under the applicable legal principles to treatment as

-1-

confidential.  The parties further acknowledge, as set forth in Section X, below, that this Stipulated Protective Order creates no entitlement to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and reflects the standards that will be applied when a party seeks permission from the court to file material under seal.

## II.   DEFINITIONS

2.1   <u>Challenging Party</u>:  a Party or Non-Party that challenges the designation of information or items under this Order.

2.2   <u>Party</u>:  any party to this action, including all of its officers, directors, employees, consultants, retained experts, and outside counsel (and their support staff).

2.3   <u>Disclosure or Discovery Material</u>:  all items or information, regardless of the medium or manner generated, stored, or maintained (including, among other things, testimony, transcripts, or tangible things) that are produced or generated in disclosures or responses to discovery in this matter.

2.4   <u>"Confidential" Information or Items</u>:  information (regardless of how generated, stored or maintained) or tangible things that qualify for protection under standards developed under F.R.Civ.P. 26(c).

2.5   <u>Receiving Party</u>:  a Party that receives Disclosure or Discovery Material from a Producing Party.

2.6   <u>Producing Party</u>:  a Party or non-party that produces Disclosure or Discovery Material in this action.

2.7   <u>Designating Party</u>:  a Party or non-party that designates information or items that it produces in disclosures or in responses to discovery as "Confidential."

2.8   <u>Protected Material</u>:  any Disclosure or Discovery Material that is designated as "Confidential."

2.9     <u>Outside Counsel of Record</u>:  attorneys who are not employees of a Party but who are retained to represent or advise a Party in this action and have appeared in this action on behalf of that Party or are affiliated with a law firm that has appeared on behalf of that party.

2.10    <u>House Counsel</u>:  attorneys who are employees of a Party.  House Counsel does not include Outside Counsel of Record or any other outside counsel.

2.11    <u>Counsel</u> (without qualifier):  Outside Counsel and House Counsel (as well as their support staffs).

2.12    <u>Expert</u>:  a person with specialized knowledge or experience in a matter pertinent to the litigation who has been retained by a Party or its counsel to serve as an expert witness or as a consultant in this action.

2.13    <u>Professional Vendors</u>:  persons or entities that provide litigation support services (e.g., photocopying; videotaping; translating; preparing exhibits or demonstrations; organizing, storing, retrieving data in any form or medium; etc.) and their employees and subcontractors.

### III.    SCOPE

The protections conferred by this Stipulation and Order cover not only Protected Material (as defined above), but also (1) any information copied or extracted therefrom; (2) all copies, excerpts, summaries, or compilations thereof; and (3) any testimony, conversations, or presentations by Parties or Counsel that might reveal Protected Material.  However, the protections conferred by this Stipulation and Order do not cover the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Order, including becoming part of the public record through trial or otherwise; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.

## IV. DURATION

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.

## V. DESIGNATING PROTECTED MATERIAL

5.1 *Exercise of Restraint and Care in Designating Material for Protection*. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. A Designating Party must take care to designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

If it comes to a Party's or a non-party's attention that information or items that it designated for protection do not qualify for protection, or do not qualify for the level of protection initially asserted, that Party or non-party must promptly notify all other parties that it is withdrawing the mistaken designation.

5.2 *Manner and Timing of Designations*. Except as otherwise provided in this Order, or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or produced.

Designation in conformity with this Order requires:

(a) *for information in documentary form* (e.g., paper or electronic documents, excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected

1 material. If only a portion or portions of the material on a page qualifies for protection, the
2 Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate
3 markings in the margins).

4     (b) <u>for testimony given in deposition or in other pretrial or trial proceedings</u>,
5 that the Party or non-party offering or sponsoring the testimony identify on the record, before the
6 close of the deposition, hearing, or other proceeding, all protected testimony. When it is
7 impractical to identify separately each portion of testimony that is entitled to protection, and when
8 it appears that substantial portions of the testimony may qualify for protection, the Party or non-
9 party that sponsors, offers, or gives the testimony will have up to 20 days to identify the specific
10 portions of the testimony as to which protection is sought. Only those portions of the testimony
11 that are appropriately designated for protection within the 20 days shall be covered by the
12 provisions of this Stipulated Protective Order.

13     Transcript pages containing Protected Material must be separately bound by
14 the court reporter, who must affix to each such page the legend "CONFIDENTIAL."

15     (c) <u>for information produced in some form other than documentary, and for</u>
16 <u>any other tangible items</u>, that the Producing Party affix in a prominent place on the exterior of the
17 container or containers in which the information or item is stored the legend "CONFIDENTIAL."
18 If only portions of the information or item warrant protection, the Producing Party, to the extent
19 practicable, shall identify the protected portions.

20    5.3 <u>Inadvertent Failures to Designate</u>. If timely corrected, an inadvertent failure
21 to designate qualified information or items as "Confidential" does not, standing alone, waive the
22 Designating Party's right to secure protection under this Order for such material. If material is
23 appropriately designated as "Confidential" after the material was initially produced, the Receiving
24 Party, on timely notification of the designation, must make reasonable efforts to assure that the
25 material is treated in accordance with the provisions of this Order.

26

27     VI. <u>CHALLENGING CONFIDENTIALITY DESIGNATIONS</u>

28

<u>Case No. CV 10-02124-GGH</u> -5-
W02-WEST:5MMC1\403139435.2

6.1     <u>Timing of Challenges</u>.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable substantial unfairness, unnecessary economic burdens, or a later significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

6.2     <u>Meet and Confer</u>.  The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  The parties shall attempt to resolve each challenge in good faith and must begin the process within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first.

6.3     <u>Judicial Intervention</u>.  If the Parties cannot resolve a challenge without court intervention, the Challenging Party shall file and serve a motion under Civil Local Rule 230 that identifies the challenged material and sets forth in detail the basis for the challenge.  Each such motion must be accompanied by a competent declaration that affirms that the movant has complied with the meet and confer requirements imposed in the preceding paragraph.

Until the court rules on the challenge, all parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the court rules on the challenge.

VII.    <u>ACCESS TO AND USE OF PROTECTED MATERIAL</u>

7.1     <u>Basic Principles</u>.  A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation.  Such Protected Material may be

1 disclosed only to the categories of persons and under the conditions described in this Order.  When
2 the litigation has been terminated, a Receiving Party must comply with the provisions of section
3 XI, below (FINAL DISPOSITION).

4       Protected Material must be stored and maintained by a Receiving Party at a
5 location and in a secure manner that ensures that access is limited to the persons authorized under
6 this Order.

7       7.2   <u>Disclosure of "CONFIDENTIAL" Information or Items</u>.  Unless otherwise
8 ordered by the court or permitted in writing by the Designating Party, a Receiving Party may
9 disclose any information or item designated CONFIDENTIAL only to:

10       (a) the Receiving Party's Outside Counsel of record in this action, as well as
11 employees of said Outside Counsel of Record to whom it is reasonably necessary to disclose the
12 information for this litigation;

13       (b) the officers, directors, and employees (including House Counsel) of the
14 Receiving Party to whom disclosure is reasonably necessary for this litigation and who have
15 signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

16       (c) Experts (as defined in this Order) of the Receiving Party to whom
17 disclosure is reasonably necessary for this litigation and who have signed the "Agreement to Be
18 Bound by Protective Order" (Exhibit A);

19       (d) the Court and its personnel;

20       (e) court reporters, their staffs;

21       (f) Professional Vendors to whom disclosure is reasonably necessary for
22 this litigation and who have signed the "Agreement to Be Bound by Protective Order" (Exhibit A);

23       (g) during their depositions, witnesses in the action to whom disclosure is
24 reasonably necessary and who have signed the "Agreement to Be Bound by Protective Order"
25 (Exhibit A), unless otherwise agreed by the Designating Party or ordered by the court.  Pages of
26 transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be
27 separately bound by the court reporter and may not be disclosed to anyone except as permitted
28 under this Stipulated Protective Order;

(h) the author of the document containing the information.

## VIII. <u>PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION.</u>

If a Party is served with a subpoena or an order issued in other litigation that would compel disclosure of any information or items designated in this action as "CONFIDENTIAL," the Party must:

(a) promptly notify in writing the Designating Party, and in no event more than three court days after receiving the subpoena or order. Such notification must include a copy of the subpoena or court order.

(b) promptly notify in writing the party who caused the subpoena or order to issue in the other litigation that some or all the material covered by the subpoena or order is the subject of this Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

If the Designating Party timely seeks a protective order, the party served with the subpoena or court order shall not produce any information designated in this action as "CONFIDENTIAL" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material.

## IX. <u>UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.</u>

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Protected Material, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this

Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X.   FILING PROTECTED MATERIAL.

Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file any Protected Material in the public record in this action.  A Party that seeks to file under seal any Protected Material must comply with Civil Local Rule 140.  Prior to filing a request to seal any documents, the Party seeking the request to file under seal shall initiate a meet and confer process with the Designating Party.  The parties shall attempt to resolve in good faith whether a request to seal is necessary.

## XI.   FINAL DISPOSITION.

Unless otherwise ordered or agreed in writing by the Producing Party, within sixty days after the final termination of this action, each Receiving Party must return all Protected Material to the Producing Party.  As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries or any other form of reproducing or capturing any of the Protected Material.  With permission in writing from the Designating Party, the Receiving Party may destroy some or all of the Protected Material instead of returning it.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the sixty day deadline that identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and that affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or other forms of reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, transcripts, legal memoranda, correspondence or attorney work product,

even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in section IV (DURATION), above.

### XII.  MISCELLANEOUS

12.1  Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

12.2  Right to Assert Other Objections.  By stipulating to the entry of this Protective Order no Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any ground to use in evidence of any of the material covered by this Protective Order.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

Dated:  December ____ 2010

By _____
GALEN SHIMODA
KATHRYN HARDY
Attorneys for Plaintiff
ANJUM HERRERA

Dated:  December ____ 2010

SHEPPARD, MULLIN, RICHTER & HAMPTON LLP

Case No. CV 10-02124-GGH                -10-
W02-WEST:5MMC1\403139435.2

By   /s/ M. Michael Cole
JENNIFER G. REDMOND
M. MICHAEL COLE
Attorneys for Defendant
BOTTLING GROUP, LLC (improperly sued as "The Pepsi Bottling Group, Inc.")

PURSUANT TO STIPULATION, IT IS SO ORDERED, as modified in a concurrently filed order.

DATED: December 29, 2010

/s/ Gregory G Hollows
UNITED STATES MAGISTRATE JUDGE

**EXHIBIT A**

**AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

I, _____ [print or type full name], of _____ [print or type full address], declare under penalty of perjury that I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Eastern District of California on [date] in the case of <u>Anjum Herrera v. The Pepsi Bottling Group, Inc.</u>, Case No. CV 10-02124-GGH I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

I further agree to submit to the jurisdiction of the United States District Court for the Eastern District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this action.

I hereby appoint _____ [print or type full name] of _____ [print or type full address and telephone number] as my California agent for service of process in connection with this action or any proceedings related to enforcement of this Stipulated Protective Order.

Date: _____

City and State where sworn and signed: _____

Printed name:

[printed name]

Signature:

[signature]

-1-

Case No. CV 10-02124-GGH
W02-WEST:5MMC1\403139435.2